# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA GAINESVILLE DIVISION

| | |
|---|---|
| CRUM & FORSTER SPECIALTY INSURANCE COMPANY,<br><br>  Plaintiff,<br><br>  v.<br><br>RUDY'S PAINTING & ROOFING, LLC and MARTIN AGUILERA TORRES,<br><br>  Defendants. | Case No.: _____ |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW, Crum & Forster Specialty Insurance Company ("CFSIC"), by and through undersigned counsel, and hereby file this Complaint for Declaratory Judgment, respectfully showing this Court the following:

## INTRODUCTION

1. CFSIC files this action to obtain a judicial determination and declaration that coverage is not available for the Underlying Action (defined and discussed below) under a commercial general liability insurance policy issued by CFSIC to Defendant Rudy's Painting & Roofing, LLC ("Rudy's").

2. CFSIC issued Commercial General Liability Insurance Policy No. BAS-27189-1 to Rudy's for the August 26, 2023 to August 26, 2024 Policy Period (the "Policy"). The Policy is subject to a $1,000,000 per occurrence limit of liability

and a $2,000,000 general aggregate limit of liability. A true and correct copy the Policy is attached hereto as Exhibit 1.

3. Rudy's has been named as a defendant in the lawsuit styled *Martin Aguilera Torres vs. KTM Builders, LLC, Valvoline Instant Oil Change Franchise, Inc., and Rudy's Painting and Roofing, LLC*, Civil Action Fil No. 25-C-02249-S1, pending in the State Court of Gwinnett County, Georgia (the "Underlying Action"). A true and correct copy of the complaint filed in the Underlying Action is attached hereto as Exhibit 2.

4. The Underlying Action concerns purported personal bodily injuries Defendant Martin Aguilera Torres allegedly sustained from a fall into a covered, unmarked hole in the floor of a commercial premises undergoing construction work. Mr. Aguilera was working on the construction project, upon information and belief, as a subcontractor hired by Rudy's.

5. Rudy's seeks coverage for the Underlying Action under the Policy. CFSIC agreed to provide Rudy's with a defense against the Underlying Action under an express reservation of rights, including the right to disclaim defense and indemnity coverage pursuant to the Policy's Worker Injury Exclusion (the "Worker Injury Exclusion").

6. The Worker Injury Exclusion states, in relevant part:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**EXCLUSION –WORKER INJURY**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

**A.** Exclusion 2.e. Employers Liability of **SECTION I – COVERAGE A- BODILY INJURY AND PROPERTY DAMAGE LIABILITY** is hereby deleted and replaced by the following:

**2.** **Exclusions**
This insurance does not apply to:

**e.** **Worker Injury**
  **(1)** "Bodily Injury" to any actual or alleged "employee" of any insured arising out of or in the course of:
    **(a)** Employment by any insured; or
    **(b)** Performing duties related to the conduct of any insured's business

  **(2)** "Bodily Injury" to:

    **(a)** Any contractor, subcontractor, independent contractor, or any other person that performs work for, or is hired by such contractor, subcontractor, or independent contractor at the same job site that "your work" is being, or was, performed regardless of whether or not there is a contract with any insured; or

    **(b)** Any "employee", working for any contractor, subcontractor, independent contractor, or any other person that performs work for or is hired by such contractor, subcontractor, or independent contractor at the same job site that "your work" is being, or was, performed regardless of whether or not there is a contract with any insured;

> Arising out of or in the course of performing work or rendering services of any kind or nature whatsoever:
>
> **(a)**    For or on behalf of any insured; or
>
> **(b)**    For which any insured may become legally liable in any capacity for either the "bodily injury" or the work or services being performed (even if the injured person is not performing work or rendering services for or on behalf of or the benefit of any insured at the time of injury).

Ex. 1, Worker Injury Endorsement (pp. 51-52 of 57).

7. As detailed further below, in the Underlying Action, Mr. Aguilera seeks to hold Rudy's liable for alleged bodily injuries that he sustained while performing work or rendering services on behalf of Rudy's as a subcontractor of Rudy's on the same project where Rudy's was also working.

8. The Policy is also subject to an exclusion that provides: "[t]his insurance does not apply to . . . [a]ny obligation of the insured under workers' compensation, disability benefits or unemployment compensation law or any similar law." (the "Workers' Compensation Exclusion"). [*See* Ex. 1, Section I.2.d at p. 16 of 57]

9. Here, upon information and belief, because Mr. Aguilera—who, upon information and beliefs works as a sole proprietor—did not carry workers' compensation insurance, Rudy's is liable to Mr. Aguilera as his statutory employer under the workers' compensation laws of Georgia because Rudy's retained Mr. Aguilera as its subcontractor on the project. Therefore, because Mr.

Aguilera's alleged injuries are compensable under Rudy's' workers' compensation insurance, there is no coverage for the Underlying Action under the Policy.

10. CFSIC thus bring this action pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and Federal Rule of Civil Procedure 57, seeking a judicial determination that one or both of the Worker Injury Exclusion and the Workers' Compensation Exclusion bar coverage under the Policy for the Underlying Action, such that CFSIC has no duty to defend or indemnify Rudy's in connection with the Underlying Action.

## PARTIES

11. CFSIC is an insurance company incorporated under the laws of the State of Delaware with a statutory home office in Delaware and a main administrative office in New Jersey.

12. Rudy's is a limited liability company organized under Georgia law. Upon information and belief, Rudy's has a single member, Rodolfo Velazquez Gonzalez. Mr. Velazquez is a natural person and a citizen of the State of Georgia who resides in Forsyth County. Georgia. Rudy's can be served with process through its registered agent located at the following address: 7810 Fireside Farm Drive, Dawsonville, Georgia, 30504. Rudy's is subject to the jurisdiction of this Court

because at all relevant times mentioned herein, it was and is doing business in the State of Georgia.

13. Defendant Martin Aguilera Torres is a natural person who, according to his complaint in the Underlying Action, is a citizen of the State of Georgia who resides in Cumming, Forsyth County, Georgia. [*See* Ex. 2, ¶1] Mr. Aguilera is a nominal defendant in this declaratory judgment action against whom no affirmative relief is sought, although a declaration regarding the presence or absence of coverage under the Policy for his claims against Rudy's in the Underlying Action will be binding on him.

## **JURISDICTION AND VENUE**

14. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds $75,000 exclusive of interests and costs (as CFSIC's Policy under which Rudy's seeks coverage has an applicable limit of liability of $1,000,000) and there is complete diversity of citizenship between the plaintiff and the defendants.

15. This Court has personal jurisdiction over the defendants because Rudy's and Mr. Aguilera are both citizens of the State of Georgia.

16. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) and Local Civil Rule 3.1(B)(1)(a) because the defendants reside in Forsyth County, Georgia, which is within this District and Division.

## **STATEMENT OF FACTS**

### A.  **The Project**

17. The project's prime contractor, KTM Builders, LLC ("KTM"), hired Rudy's to perform painting and wall patching work on the project. A true and correct copy of the contract between Rudy's and KTM is attached hereto as Exhibit 3.

18. Upon information and belief, Rudy's principal, Rodolfo Velazquez Gonzalez, hired Mr. Aguilera as Rudy's subcontractor on the project to perform the wall patching work.

19. Upon information and belief, Rudy's and Mr. Aguilera did not enter into a contract for Mr. Aguilera's work on behalf of Rudy's but checks evidencing payments by Rudy's to Mr. Aguilera for Mr. Aguilera's work on the project are attached hereto as Exhibit 4.

### B.  **Underlying Action**

20. On or about February 25, 2025, Mr. Aguilera filed his complaint in the Underlying Action against Rudy's, Valvoline Instant Oil Change Franchising, Inc. ("Valvoline"), and KTM.

21. The complaint in the Underlying Action alleges that on July 3, 2024, Mr. Aguilera was working on a construction project owned by Valvoline located at 3632 Wheeler Road, Augusta, Georgia 30909 when he fell into an unmarked hole on the premises in the course of performing his duties on the project.

22. Mr. Aguilera alleges that the hole was created by Valvoline or other contractors working on the project, including Rudy's and KTM.

23. Mr. Aguilera alleges that the defendants breached their duties owed to him by creating a hazardous condition on the site where Mr. Aguilera was working, failing to take protective measures to ensure that those on the premises such as Mr. Aguilera would not encounter the hazardous condition, and failing to warn Mr. Aguilera of the dangerous condition of which they had superior knowledge.

24. The Underlying Action alleges that as result of his purported fall, Mr. Aguilera sustained and incurred bodily injuries, lost wages, and mental and physical pain and suffering.

### B. The Policy

25. CFSIC issued Commercial General Liability Insurance Policy No. BAS-27189-1 to Rudy's for the August 26, 2023 to August 26, 2024 Policy Period. The Policy is subject to a $1,000,000 per occurrence limit of liability and a $2,000,000 general aggregate limit of liability.

26. The Policy provides, in relevant part, as follows:

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit"

>   seeking these damages. However, we will have no duty to defend the insured against a "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply...
>
> \* \* \*
>
> **b.** This insurance applies to "bodily injury" and "property damage" only if:
>
> **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>
> **(2)** The "bodily injury" or "property damage" occurs during the policy period.
>
> \* \* \*
>
> **2. Exclusions**
>
>   This insurance does not apply to:
>
> \* \* \*
>
> **d. Workers' Compensation and Similar Laws**
>
>   Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

27.     The Policy is subject to an endorsement entitled the "Exclusion – Worker Injury" which, in relevant part, provides as follows:

> **THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**
>
> **EXCLUSION –WORKER INJURY**
>
> This endorsement modifies insurance provided under the following:
>
> **COMMERCIAL GENERAL LIABILITY COVERAGE PART**
>
> **A.**   **Exclusion 2.e. Employers Liability of SECTION I – COVERAGE A- BODILY INJURY AND PROPERTY DAMAGE LIABILITY** is hereby deleted and replaced by the following:

9

    **2.** **Exclusions**
    This insurance does not apply to:

**e.** **Worker Injury**
- **(1)** "Bodily Injury" to any actual or alleged "employee" of any insured arising out of or in the course of:
  - **(a)** Employment by any insured; or
  - **(b)** Performing duties related to the conduct of any insured's business

- **(2)** "Bodily Injury" to:
  - **(a)** Any contractor, subcontractor, independent contractor, or any other person that performs work for, or is hired by such contractor, subcontractor, or independent contractor at the same job site that "your work" is being, or was, performed regardless of whether or not there is a contract with any insured; or
  - **(b)** Any "employee", working for any contractor, subcontractor, independent contractor, or any other person that performs work for or is hired by such contractor, subcontractor, or independent contractor at the same job site that "your work" is being, or was, performed regardless of whether or not there is a contract with any insured;

Arising out of or in the course of performing work or rendering services of any kind or nature whatsoever:

**(a)** For or on behalf of any insured; or

**(b)** For which any insured may become legally liable in any capacity for either the "bodily injury" or the work or services being performed (even if the injured person is not performing work or rendering services for or on behalf of or the benefit of any insured at the time of injury).

Ex. 1, Worker Injury Endorsement (pp. 51-52 of 57).

### C.  Reservation of Rights

28. CFSIC agreed to provide Rudy's with a defense against the Underlying Action subject to a full reservation of rights, including, but not limited to, the right to deny defense and indemnity coverage for the Underlying Action pursuant to the Worker Injury Exclusion and the Workers' Compensation Exclusion. A true and correct copy of this letter is attached hereto as Exhibit 5.

### COUNT I – DECLARATORY JUDGMENT

### There is No Coverage Under the Policy for the Underlying Action Pursuant to the Worker Injury Exclusion

29. CFSIC re-alleges and incorporates by reference herein each and every allegation contained in paragraphs 1-28 of this Complaint as though fully set forth herein.

30. An actual case or controversy exists between the parties concerning whether the Policy provides coverage for the claims against Rudy's in the Underlying Action.

31. The Policy is subject to a Worker Injury Exclusion, which, in relevant part, provides as follows:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**EXCLUSION –WORKER INJURY**

This endorsement modifies insurance provided under the following:

11

## COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.** **Exclusion 2.e. Employers Liability of SECTION I – COVERAGE A- BODILY INJURY AND PROPERTY DAMAGE LIABILITY** is hereby deleted and replaced by the following:

**2.** **Exclusions**
This insurance does not apply to:

**e.** **Worker Injury**
  **(1)** "Bodily Injury" to any actual or alleged "employee" of any insured arising out of or in the course of:
  **(a)** Employment by any insured; or
  **(b)** Performing duties related to the conduct of any insured's business

  **(2)** "Bodily Injury" to:

  **(a)** Any contractor, subcontractor, independent contractor, or any other person that performs work for, or is hired by such contractor, subcontractor, or independent contractor at the same job site that "your work" is being, or was, performed regardless of whether or not there is a contract with any insured; or

  **(b)** Any "employee", working for any contractor, subcontractor, independent contractor, or any other person that performs work for or is hired by such contractor, subcontractor, or independent contractor at the same job site that "your work" is being, or was, performed regardless of whether or not there is a contract with any insured;

Arising out of or in the course of performing work or rendering services of any kind or nature whatsoever:

**(a)** For or on behalf of any insured; or

**(b)** For which any insured may become legally liable in any capacity for either the "bodily injury" or the work or services being

      performed (even if the injured person is not performing work or rendering services for or on behalf of or the benefit of any insured at the time of injury).

Ex. 1, Worker Injury Endorsement (pp. 51-52 of 57).

32. Pursuant to the foregoing, defense and indemnity coverage for a "suit" alleging "bodily injury" arising out of injury to a worker on a project where Rudy's is also working where the injured worker was in the course of performing work or rendering services for or on behalf of Rudy's or for which Rudy's may become legally liable in any capacity for either the "bodily injury" or the work or services being performed is barred under the Policy pursuant to the Worker Injury Exclusion.

33. Mr. Aguilera sustained his alleged injuries while working on a construction project on Valvoline's premises.

34. Upon information and belief, Mr. Aguilera was working on the subject project as a subcontractor of Rudy's.

35. Rudy's was performing work on that same project and was hired by the prime contractor, KTM.

36. Mr. Aguilera sustained his injuries the course of performing work or rendering services for or on behalf of Rudy's on the project.

37. Therefore, the Policy's Worker Injury Exclusion bars coverage for the Underlying Action under the Policy.

38. Because the Worker Injury Exclusion applies to bar coverage under the Policy for the Underlying Action, CFSIC is entitled to a declaratory judgment that it has no duty to defend or indemnify Rudy's in connection with the Underlying Action and that Rudy's is not entitled to coverage under the Policy with respect to the Underlying Action.

## COUNT II – DECLARATORY JUDGMENT

### There is No Coverage Under the Policy for the Underlying Action Pursuant to the Workers' Compensation Exclusion

39. CFSIC re-alleges and incorporates by reference herein each and every allegation contained in paragraphs 1-38 of this Complaint as though fully set forth herein.

40. The Policy is subject to an exclusion that provides: "[t]his insurance does not apply to . . . [a]ny obligation of the insured under workers' compensation, disability benefits or unemployment compensation law or any similar law." (the "Workers' Compensation Exclusion"). [*See* Ex. 1, Section I.2.d at p. 16 of 57]

41. Upon information and belief, Mr. Aguilera works for himself as a sole proprietorship and does not carry workers' compensation insurance that provided coverage to Mr. Aguilera with respect to his work on the subject project.

42. At all times relevant to this matter, Rudy's carried workers' compensation coverage from Travelers Property & Casualty Insurance Company

under policy no. 6JUB-5N2669-0-21 for the policy period of November 19, 2023 to November 19, 2024. [*See* Exhibit 6]

43. Because Mr. Aguilera was working on the project as Rudy's subcontractor, Rudy's is deemed Mr. Aguilera' "statutory employer" for purposes of Georgia's workers' compensation laws. *See* O.C.G.A. § 34-9-8.

44. Under Georgia law, a statutory employer is liable for workers' compensation benefits if the injured worker's actual employer does not have workers' compensation insurance.

45. Because neither Mr. Aguilera nor his employer carried workers' compensation insurance, Rudy's is therefore liable to pay Mr. Aguilera workers' compensation benefits for his alleged injuries sustained while working on the project as Rudy's statutory employee.

46. Because Rudy's is liable to pay Mr. Aguilera workers' compensation benefits for his alleged injuries as Mr. Aguilera's statutory employer, the Policy's Workers' Compensation Exclusion applies to bar coverage for the Underlying Action under the Policy.

47. Because the Worker' Compensation Exclusion applies to bar coverage under the Policy for the Underlying Action, CFSIC is entitled to a declaratory judgment that it has no duty to defend or indemnify Rudy's in connection with the

Underlying Action and that Rudy's is not entitled to coverage under the Policy with respect to the Underlying Action.

## PRAYER FOR RELIEF

**WHEREFORE**, CFISC respectfully requests that this Honorable Court:

(a) Issue a declaratory judgment that CFSIC has no duty to defend Rudy's in the Underlying Action;

(b) Issue a declaratory judgment that CFSIC has no duty to indemnify Rudy's in the Underlying Action;

(c) Award CFSIC its costs incurred herein; and

(d) Award CFSIC such further relief as this Court deems just and appropriate.

September 17, 2025                                      Respectfully submitted,

**TROUTMAN PEPPER LOCKE LLP**

*/s/ Crighton T. Allen*
Crighton T. Allen
Georgia Bar No. 513249
Nolan C. Hendricks
Georgia Bar No. 931520
Troutman Pepper Locke LLP
Bank of America Plaza
600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308
Tel: 404.885.3000
crighton.allen@troutman.com
nolan.hendricks@troutman.com

Kevin F. Kieffer (*pro hac vice* forthcoming)
Troutman Pepper Locke LLP
100 Spectrum Center Drive, Suite 1500
Irvine, CA 92618
Tel: 949.622.2700
kevin.kieffer@troutman.com

*Attorneys for Plaintiff Crum & Forster Specialty Insurance Company*