# EXHIBIT 2

E-FILED IN OFFICE - TB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**25-C-02249-S1**

**2/25/2025 1:17 PM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| MARTIN AGUILERA TORRES,<br><br>    Plaintiff,<br><br>v.<br><br>KTM BUILDERS LLC, VALVOLINE INSTANT OIL CHANGE FRANCHISING, INC., and RUDY'S PAINTING AND ROOFING, LLC,<br><br>    Defendants. | CIVIL ACTION FILE<br><br>NO. 25-C-02249-S1<br><br>(SERVED WITH DISCOVERY)<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S COMPLAINT FOR DAMAGES

Plaintiff MARTIN AGUILERA TORRES (hereinafter "Plaintiff") files his Complaint for Damages against Defendants KTM BUILDERS LLC. (hereinafter "KTM"), VALVOLINE INSTANT OIL CHANGE FRANCHISING, INC. (hereinafter "Valvoline"), Defendant RUDY'S PAINTING AND ROOFING, LLC (hereinafter "Rudy's Painting") and shows the Court the following:

### PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff is a resident of Georgia and resides at 2935 Goldmine Road, Cumming, Georgia 30041.

2.

KTM Builders, LLC is a foreign limited liability company with its principal office address at 7625 Hamilton Park Drive, Suite 12, Chattanooga, TN 37421. Defendant may be served through its registered agent, National Registered Agents, Inc. at 289 S. Culver Street, Lawrenceville, Georgia 30046-4805 in Gwinnett County, Georgia.

Page | 1

3.

Valvoline Instant Oil Change Franchising, Inc. is a foreign corporation with its principal office at address 100 Valvoline Way Lexington, KY 40509. Defendant may be served with process by serving its registered agent CT corporation System at 289 S. Culver St., Lawrenceville, Georgia 30046-4805 in Gwinnett County, Georgia.

4.

Rudy's Painting and Roofing, LLC is a Georgia domestic limited liability company with its principal address at 3505 Continental Drive Cumming, GA 30041. Defendant may be served with process by serving its registered agent Rodolfo Velazquez Gonzalez, 3505 Continental Drive, Cumming, Georgia 30041 in Forsyth County, Georgia.

5.

Venue of this action is properly laid in Gwinnett County, Georgia, and this Court has jurisdiction over this action and the parties.

**STATEMENT OF FACTS AND NEGLIGENCE**

6.

On July 3, 2024, Plaintiff Martin Aguilera Torres was working at a construction project at Valvoline Instant Oil Change Franchising, Inc. located at 3632 Wheeler Road Augusta, GA 30909 (the "Premises"). While working at the Premises, Plaintiff fell through an unmarked hole.

7.

At the time of Plaintiff's injuries, Defendant Valvoline, on information and belief, was the owner of the Premises and had a nondelegable duty to maintain the Premises such that it was safe for its invitees to traverse, to warn its invitees of any unsafe conditions or hazards and/or to undertake protective measures to prevent its invitees from walking in or around unsafe or hazardous conditions.

8.

On information and belief, Defendants Valvoline, KTM and/or Defendant Rudy's Painting were also performing construction work at the Premises, made the hole and did not properly cover the hole to prevent individuals from walking into the hole, did not mark the hole with any warnings, knew or should have known about the unsafe and hazardous condition created by the hole, and had a duty to warn other construction workers working at the Premises about the unsafe or hazardous conditions and/or to undertake protective measures to prevent other construction workers from walking in or around said unsafe or hazardous condition.

9.

On July 3, 2024, Defendants negligently caused, created and/or permitted an unsafe, dangerous and hazardous condition to exist in the area where Plaintiff was injured. Defendants had superior knowledge of the existence of the unsafe, dangerous and hazardous condition, failed to properly warn Plaintiff of the unsafe, dangerous and hazardous condition and/or to undertake protective measures to prevent individuals such as the other construction workers working at the Premises from walking in or around the unsafe or hazardous condition, i.e. the hole.

10.

Plaintiff, while lawfully on the construction site, sustained severe and permanent injuries as a result of the dangerous, hazardous and unsafe condition caused, created and/or permitted to exist without appropriate warnings to individuals such as Plaintiff by Defendants and/or their employees or agents and/or to undertake protective measures to prevent individuals such as the other construction workers working at the Premises from walking in or around the hole.

11.

Defendants knew about the dangerous and usafe hole and should have warned Plaintiff of said dangerous condition and/or used protective measures to prevent invitees such as Plaintiff from traversing in or around said hazardous condition.

12.

Defendants were negligent in hiring, training and supervising the individuals responsible for warning Plaintiff of the hole and/or using protective measures to prevent invitees such as Plaintiff from traversing in or around the hazardous condition.

13.

Defendants are responsible for the actions of their employees and/or agents pursuant to the doctrine of *respondeat superior*, agency or apparent agency.

14.

As a direct and proximate result of Defendants' negligence, Plaintiff has incurred medical expenses and will incur medical expenses in the future.

15.

As a direct and proximate result of Defendants, Plaintiff has lost wages and will lose wages in the future.

16.

As a direct and proximate result of Defendants' negligence, Plaintiff has incurred mental and physical pain and suffering and will continue to experience pain and suffering in the future.

WHEREFORE, Plaintiff prays for the following:

A. That Defendants be served with process required by law;

B. That the Plaintiff be granted a trial by jury;

C. That Defendants be found liable for damages sustained by the Plaintiff due to the negligence of the Defendants;

D. That Defendants be found liable for all court costs associated with this action and for all other costs and damages to be determined by this Court;

E. That Plaintiff be awarded damages in such sums as this Court and jury shall find appropriate based upon the evidence submitted at the time of trial; and

F. That Plaintiff be granted such other and further relief as this Honorable Court may deem as necessary and proper.

DATED this 25th of February, 2025.

THE BROSNAHAN LAW FIRM

_____
Kenneth W. Brosnahan, Esq.
Georgia State Bar No. 086345
E-mail: kwb@brosnahan-law.com
Linda G. Carpenter, Esq.
Georgia State Bar No. 111285
E-mail: lgc@brosnahan-law.com
**Attorneys for Plaintiff**

31 Lenox Pointe, N.E.
Atlanta, Georgia 30324
Tel:  (404) 853-8964
Fax:  (678) 904-6391