# EXHIBIT 5

# CRUM & FORSTER
### A FAIRFAX COMPANY
### EST. 1822

**Kimberly Gozzolino**
Senior Claims Specialist
t 201-334-4068
e kimberly.gozzolino@cfins.com

**CFSIC**
PO Box 14420, Lexington, KY 40512

March 21, 2025

**Via Email: GONZLZRUDY58@YAHOO.COM**
Rudy's Painting and Roofing LLC
Attention: Rodolfo Velazquez Gonzalez
7810 Fireside Farm Drive
Dawsonville, GA, 30504

|  |  |  |
|---|---|---|
| Re: | Insurer: | Crum & Forster Specialty Insurance Company |
|  | Insured: | Rudy's Painting and Roofing LLC |
|  | Policy: | BAS-27189-1 |
|  | Effective Date(s): | August 26, 2023 to August 26, 2024 |
|  | Claimant: | Martin Aguilera Torres |
|  | Claim No.: | MNC92502240 |
|  | Date of Loss: | July 3, 2024 |
|  | Loss Location: | 3632 Wheeler Road Augusta, GA 30909 |

**RESERVATION OF RIGHTS**

Dear Mr. Velazquez:

Please be advised that United State Fire Insurance Company is the authorized claims administrator for the Crum &Forster Specialty Insurance Company ("CFSIC") policy issued to Rudy's Painting and Roofing LLC ("Rudy's Painting"). As you know, I have been assigned to handle this claim on behalf of CFSIC.

I write to let you know that, based on the information currently available, CFSIC will defend Rudy's Painting in connection with this matter under the above-referenced policy pursuant to a full reservation of rights as set forth in more detail below. I additionally write to advise you that based on our investigation, review of the lawsuit, and review of the terms and conditions of the policy issued to Rudy's Painting, there are limitations and restrictions on coverage in the policy, which may apply to limit or bar coverage for this loss. The rights reserved by CFSIC include, but are not limited to, the right to seek a judicial declaration regarding the extent of coverage under the policy for this matter.

I summarize below the information known to CFSIC at this time based on the materials provided to CFSIC, but you should refer to those materials for the complete facts set forth therein. Please be advised that the claimant's allegations remain unsubstantiated at this time and that, in reciting those allegations, CFSIC does not express any view on their merit or lack of merit. If you are aware of any additional information that you believe is material to the above-referenced claim that you would like to be considered, please advise CFSIC at your earliest opportunity. Similarly, if you

1

disagree with CFSIC's description of the facts and allegations as set forth below, please inform us as soon as possible. Further, this letter does not modify the terms and conditions of the above-referenced policy, which CFSIC requests that you review together with this letter.

**LAWSUIT**
We are in receipt of the first notice of loss and lawsuit submitted by your agent, Todd Hoffman Agency, LLC on March 12, 2025.

The lawsuit filed in the State Court of Gwinnett County, Georgia is styled *Martin Aguilera Torres vs. KTM Builders, LLC, Valvoline Instant Oil Change Franchise, Inc., and Rudy's Painting and Roofing, LLC*, Civil Action Fil No. 25-C-02249-S1.

The lawsuit alleges that on July 3, 2024, Plaintiff Martin Aguilera Torres was working at a construction project at Valvoline Instant Oil Change Franchising, Inc. located at 3632 Wheeler Road Augusta, GA 30909 (the "Premises"). While working at the Premises, Plaintiff fell through an unmarked hole, and the Defendants negligently caused, created and/or permitted an unsafe, dangerous and hazardous condition to exist in the area where Plaintiff was injured.

At the time of Plaintiff's injuries, Defendant Valvoline, on information and belief, was the owner of the Premises and had a nondelegable duty to maintain the Premises.

On information and belief, Defendants Valvoline, KTM and/or Defendant Rudy's Painting were also performing construction work at the Premises, made the hole and did not properly cover the hole to prevent individuals from walking into the hole, did not mark the hole with any warnings, knew or should have known about the unsafe and hazardous condition created by the hole, and had a duty to warn other construction workers working at the Premises about the unsafe or hazardous conditions and/or to undertake protective measures to prevent other construction workers from walking in or around said unsafe or hazardous condition.

Plaintiff, while lawfully on the construction site, allegedly sustained severe and permanent injuries as a result of the dangerous, hazardous and unsafe condition. Plaintiff alleges that Defendants knew about the dangerous and unsafe hole and should have warned Plaintiff of said dangerous condition and/or used protective measures to prevent invitees such as Plaintiff from traversing in or around said hazardous condition.

I spoke with you on March 13, 2025 and you stated that you were subcontracted by KTM Builders to patch up walls at an auto body business. You then subcontracted the Plaintiff to complete the patching of the walls. You confirmed that the Plaintiff has their own company and does not work directly under your company. You were not sure of the subcontractor company's name. You further advised that while you did not have a written contract with the Plaintiff, you believed you had an invoice. As discussed further below, please provide that invoice to me at your earliest opportunity.

You also confirmed that you were not the contractor who created the hole and did not know which contractor created the hole that was located inside the business. You stated that the Plaintiff was very aware of the hole even though it was covered.

**THE POLICY**
CFSIC issued a commercial general liability policy to Rudy's Painting and Roofing LLC with policy number BAS-27189-1. The policy is effective August 26, 2023 to August 26, 2024. The policy provides a $1,000,000 per occurrence limit/$2,000,000 general aggregate limit. The policy has a $500 deductible.

CFSIC relies upon the entire policy to inform you of our coverage position. This letter will refer you to relevant provisions in the policy to explain the basis for CFSIC's decisions regarding this matter.

We draw your attention to the relevant language of the following Commercial General Liability Coverage Form, CG 00 01 12/07, included in the Crum and Forster policy, which provides, in relevant part: COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY.

## COMMERCIAL GENERAL LIABILITY COVERAGE

**FORM SECTION I – COVERAGES**

The Insuring Agreement in the Coverage A – Bodily Injury and Property Damage Liability provides, in relevant part, as follows:

> **COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE**
>
> **LIABILITY 1. Insuring Agreement**
>
> a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
>
>    (1)  The amount we will pay for damages is limited as described in Section Ill - Limits Of Insurance; and
>    (2)  Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.
>    (3)
>    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages A and B.
>
> b.  This insurance applies to "bodily injury" and "property damage" only if:
>
>    (1)  The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>    (2)  The "bodily injury" or "property damage" occurs during the policy period;

\* \* \* \* \*

We direct your attention to the following relevant exclusions:

> **2.  Exclusions**
>
> This insurance does not apply to:
>
> **d. Workers' Compensation And Similar Laws**

3

Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

\* \* \* \* \*

We direct your attention to Coverage C, Medical Payment section of the *Commercial General Liability Coverage Form,* CG 00 01 12/07:

**COVERAGE C – MEDICAL PAYMENTS**

**1. Insuring Agreement**

a. We will pay medical expenses as described below for "bodily injury" caused by an accident:
(1) On premises you own or rent;
(2) On ways next to premises you own or rent:
or
(3) Because of your operations;
provided that:
(a) The accident takes place in the "coverage territory" and during policy period;
(b) The expenses are incurred and reported to us within one year of the date of the accident; and
(c) The injured person submits to examination, at our expenses, by physicians of our choice as often as we reasonably require.

We direct your attention to the following relevant exclusions:

**2. Exclusions**

We will not pay expenses for "bodily injury":

a. **Any insured**
To any insured, except "volunteer workers".
b. **Hired Person**
To a person hired to do work for or on behalf of any insured or a tenant of any insured.
d. **Workers Compensation And Similar Laws**

\* \* \* \* \*

The definitions section of Coverage Form CG 00 01 12/07 reads, <u>in pertinent part</u>:

**SECTION V- DEFINITIONS:**

**3. "Bodily injury"** means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

4

10. **"Leased worker"** means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

13. **"Occurrence"** means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

17. **"Property damage"** means:
   a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
   b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

20. **"Volunteer worker"** means a person who is not your "employee", and who donates his or her work and acts at the direction of and within the scope of duties determined by you, and is not paid a fee, salary or other compensation by you or anyone else for their work performed for you.

\* \* \* \* \*

The policy also includes endorsement SB082-04/22, which reads as follows:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**EXCLUSION –WORKER INJURY**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

A. **Exclusion 2.e. Employers Liability of SECTION I – COVERAGE A- BODILY INJURY AND PROPERTY DAMAGE LIABILITY** is hereby deleted and replaced by the following:
**2. Exclusions**
   This insurance does not apply to:

**e. Worker Injury**

   **(1)** "Bodily Injury" to any actual or alleged "employee" of any insured arising out of or in the course of:
      (a) Employment by any insured; or
      (b) Performing duties related to the conduct of any insured's business

   **(2)** "Bodily Injury" to:

5

  (a) Any contractor, subcontractor, independent contractor, or any other person that performs work for, or is hired by such contractor, subcontractor, or independent contractor at the same job site that "your work" is being, or was, performed regardless of whether or not there is a contract with any insured; or

  (b) Any "employee", working for any contractor, subcontractor, independent contractor, or any other person that performs work for or is hired by such contractor, subcontractor, or independent contractor at the same job site that "your work" is being, or was, performed regardless of whether or not there is a contract with any insured;

Arising out of or in the course of performing work or rendering services of any kind or nature whatsoever:

(a) For or on behalf of any insured; or

(b) For which any insured may become legally liable in any capacity for either the "bodily injury" or the work or services being performed (even if the injured person is not performing work or rendering services for or on behalf of or the benefit of any insured at the time of injury).

  **(3)** "Bodily injury" sustained by the spouse, registered domestic partner, child, parent, brother, sister or other family member of:
   (a) "Employee"

   (b) Contractor, subcontractor, independent contractor, or any other person that performs work for or is hired by such contractor, subcontractor, or independent contractor at the same job site that "your work" is being, or was, performed regardless of whether or not there is a contract with any insured; or
   (c) "Employee" of such contractor, subcontractor, independent contractor, or any other person (that performs work for or is hired by such contractor, subcontractor, independent contractor at the same job site that "your work" is being, or was, performed regardless of whether or not there is a contact with any insured;
   as a consequence of Paragraphs **(1)** and **(2)** above.

This exclusion applies whether the insured may be liable as an employer or in any other capacity for either the "bodily injury" or the work or services being performed (even if the injured person is not performing work or rendering services for or on behalf of or for the benefit of any insured at that the time of injury) and to any obligation to share or contribute to damages, or to repay or indemnify someone else who must pay damages because of the "bodily injury", including damages for care and loss of services.

**B.** For the purposes of this endorsement only, the "employee" and "temporary worker" of **SECTION V- DEFINITIONS** are hereby deleted and replaced with the following:

**5.** "Employee" includes a "leased worker", a "temporary worker" or "volunteer worker".

**19.** "Temporary worker" means any person who is:

   a. Furnished to any insured to substitute for a permanent "employee";

   b. A short-term worker; or

   c. Not an "employee", "volunteer worker" or "volunteer worker".

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED**

\* \* \* \* \*

CFSIC is proceeding under a full and complete reservation of all of its right under the foregoing provisions, including but not limited to the right to deny coverage for this matter.

**DEFENSE OF THIS MATTER**

Subject to the full terms and conditions of the Policy, CFSIC has the right and duty to defend Rudy's Painting against any "suit" seeking damages to which the policy applies. [See Policy Section I.1.a] As noted above, CFSIC will defend Rudy's Painting in connection with this matter subject to a full reservation of its rights under the policy. The rights reserved by CFSIC include, but are not limited to, the right to withdraw from Rudy's Painting's defense in the event CFSIC determines there is no coverage under the Policy and the right to seek reimbursement of defense costs paid towards uncovered claims.

Additionally, Rudy's Painting has an obligation to cooperate in the defense of this suit. [See Policy Section IV.2.c.3] Please provide your full cooperation to defense counsel assigned to defend you in the suit:

Galloway Johnson Tompkins Burr & Smith
Tujuana S. McGee, Director
375 Northridge Road, Suite 200
Atlanta, GA 30350
O: 678-951-1500 | F: 678-951-1510
TMcgee@gallowaylawfirm.com

Attorneys from Galloway Johnson Tompkins Burr & Smith should be in touch with you shortly. Please do not discuss this lawsuit with any other attorneys other than those from the Galloway Johnson Tompkins Burr & Smith, including but not limited to counsel for Plaintiff, without first consulting CFSIC.

**CONCLUSION**

As noted above, based upon our investigation to date, review of the lawsuit and review of the applicable CFSIC policy, CFSIC will provide you with a defense of this suit, subject to a full reservation of rights, including but not limited to its right under the provision of the policy discussed above

If you have not provided notice to any other potentially applicable insurers or indemnitors, CFSIC asks that you do so immediately and confirm to us that you have done so and on what date. Please also provide copies of any correspondence you receive from any other insurer or indemnitor to which you have or will tender this matter. In the meantime, CFSIC is reserving all rights under the policy's Other Insurance provision. (See Policy Section IV.4]

Our coverage position is based upon our investigation to date. Nothing in this letter is to be construed as a waiver by CFSIC of any policy terms, conditions, exclusions or limitations not expressed in this letter. Nor is this letter to be construed as a waiver, relinquishment or other limitation of our rights. If you have any other information you believe impacts our coverage determination, please provide it to the undersigned immediately for our consideration.

We reserve the right to review any lawsuits or additional lawsuits filed regarding this claim being made and to make a separate determination as to whether either a defense or indemnity may be provided. Our decision on coverage is based only on the facts as presented to date and should not be construed as applicable to a lawsuit or amendment to this claim. Our right to receive notice of any lawsuit, amended lawsuit or amended claim is reserved, as are the notice conditions of the policy; therefore, please forward any amended lawsuits or other claims to us for a further review of the coverage position taken above.

CFSIC specifically reserves the right to amend its coverage position, either reserving additional rights or declining coverage, both under any of the terms, conditions, exclusions, and other provisions in this letter and any terms, conditions, exclusions, or other provisions that are not discussed in this letter. The position set forth in this letter may not be exhaustive. Other reasons for non-coverage may come to light in the future. CFSIC reserves the right to rely upon other terms or conditions of its Policy that are appropriate to deny coverage or reserve rights in light of any additional information developed.

Accordingly, none of the acts of CFSIC's agents, attorneys or employees are to be construed by you as a waiver or estoppel against CFSIC. Further, no conduct of CFSIC is to be construed as a waiver or surrender of the Policy limitations, exclusions, conditions or agreements, all of which are specifically reserved.

To the extent that you believe that any of the facts asserted in the letter are incorrect, or if you have any other information or documents that you believe may be relevant to CFSIC's understanding and complete knowledge of this matter, please send it to us as soon as reasonably possible.
Should you have any questions, please feel free to contact the undersigned.

Respectfully,

Kimberly Gozzolino
Senior Claims Specialist

Cc:

Todd Hoffman Agency, LLC – todd@toddhoffmanagency.com

CRC Insurance Services, Inc. – ws.crc.sumpter@crcgroup.com